UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALAN SCHOLEFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 09-03-B-W |
| | ) |
| MARVIN GLAZIER., | ) |
| | ) |
| Defendants | ) |
| | ) |

**RECOMMENDED DECISION
DENYING IFP MOTION AND DISMISSING COMPLAINT**

Alan Scholefield, an inmate at the Maine State Prison, filed a pleading in letter

form that represented his desire to sue his criminal defense attorney for a violation of his

rights.  (Doc. No. 1.)[1]  He also filed a motion to proceed in forma pauperis. (Doc. No. 2.)

I entered an order on January 5, 2009, reserving ruling on the motion to proceed without

prepayment[2] of the filing fee.  I indicated:

> If Scholefield wants to bring a lawsuit in this court against his former
> attorney and be granted ifp status to do so, he must first file a complaint
> with a proper caption and containing numbered paragraphs setting forth
> his claim against the attorney and the basis for federal jurisdiction. If the
> court does not receive an amended complaint complying with the above
> instructions by January 20, 2009, I will issue a recommendation that this
> matter be summarily dismissed.

(Docket No. 3.)

Scholefield has not filed anything in response to this order.  His letter indicates

that his attorney told him that he could not represent him on a court-appointed basis, that

the attorney lied when he told Scholefield that he could not locate a witness because she

---

[1]     Scholefield phrases his intent as bringing charges against his attorney.
[2]     Scholefield asks for a full waiver of the filing fee; in fact, he would have to incur the full cost of
the fee, with deductions being made from his inmate account.   See 28 U.S.C. §  1915(b)(1).  Scholefield
indicates he is a prisoner at the Maine Correctional Center.

1

was married, and that he sent some letters from Scholefield to third parties. I have
screened his letter pleading pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a)
and (b), and I recommend that the complaint be summarily dismissed.  I also recommend
that the motion to proceed in forma pauperis be denied.

Scholefield has failed to comply with my order for clarification of his complaint
and it is not at all apparent to me how an attorney in private practice would be subject to
a federal civil rights action in this Court.  Nor is it apparent that there would be diversity
jurisdiction for a tort claim or malpractice action since both plaintiff and defendant
appear to reside in the State of Maine.  The "complaint" as currently drafted fails to state
any cognizable claim in this Court.  Furthermore, plaintiff has ignored my order that he
clarify the basis for his complaint.  Based on these facts I recommend the Court deny the
motion to proceed in forma pauperis and summarily dismiss the complaint.

NOTICE

A party may file objections to those specified portions of a
magistrate judge's report or proposed findings or recommended decisions
entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by
the district court is sought, together with a supporting memorandum,
within ten (10) days of being served with a copy thereof.  A responsive
memorandum and any request for oral argument before the district judge
shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the
right to *de novo* review by the district court and to appeal the district
court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

January 23, 2009.

2